SIMMONS, INC., Plaintiff,

v.

BOMBARDIER INC., BRP U.S. Inc. (formerly known as Bombardier Motor Corporation of America), and Bombardier Recreational Products Inc. Defendants.

No. 1:01–CV–00048–PGC.

United States District Court, D. Utah, Northern Division.

Sept. 29, 2004.

David G. Mangum, Margaret Niver McGann, David M. Bennion, Parsons Behle & Latimer, Salt Lake City, Utah, Alan M. Anderson, Christoper K. Larus, Laura J. Borst, Fulbright & Jaworski, L.L.P., Minneapolis, MN, for Plaintiff.

---

James S. Jardine, Mark M. Bettilyon, Rick B. Hoggard, David E. Finkelson, Ray, Quinney & Nebeker, Salt Lake City, Utah, for Defendants.

### FINAL JUDGMENT

CASSELL, District Judge.

With the stipulation of the parties, by and through their respective counsel of record, pursuant to a Confidential Agreement of the parties filed herewith under seal, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has construed the terms of claims 1, 2, 6, 9, 10 and 11, of United States Patent No. 5,836,594, owned by Plaintiff (the " '594 Patent"), in its Order and Memorandum Opinion on Motions for Summary Judgment, dated July 27, 2004, which claim construction is incorporated herein by reference.

2. In accordance with the Court's Orders dated July 27, 2004, and September 7, 2004, Defendants have not established by clear and convincing evidence that claims 1, 2, 6, 9, 10 and 11 of the '594 Patent were anticipated, obvious, or otherwise invalid, or unenforceable because of alleged inequitable conduct. Plaintiff therefore is entitled to judgment that claims 1, 2, 6, 9, 10, and 11 of the '594 Patent are valid and enforceable.

3. In accordance with the Court's Order dated September 7, 2004, the Defendants' past manufacture, use, offer to sell, sale and importation of the Precision Ski in the United States infringed claims 1, 2, 6, 9, 10, and 11 of the '594 Patent under the Court's claim construction. Plaintiff therefore is entitled to judgment that Defendants have infringed the '594 Patent.

4. Pursuant to the parties' Settlement Agreement, the parties have agreed that:

(a) Plaintiff has released any use, manufacture, offer to sell, sale, or importation of Precision Skis by, from, or on behalf of Defendants falling within the scope of paragraph 3.

(b) Defendants may continue to use, manufacture, offer to sell, sell, or import Precision Skis as an aftermarket accessory in the United States through and including December 31, 2004;

(c) Defendants may continue to use, manufacture, offer to sell, sell, or import the Precision Ski in the United States through and including June 30, 2005, as original equipment on model years 2005 or earlier snowmobiles, or otherwise;

(d) Third parties, including Defendants' dealers and customers, may continue to use, offer to sell, or sell Precision Skis regardless of date, if such skis were or will be purchased, directly or indirectly, from Defendants prior to the date of this Judgment or the dates in subparagraphs (b) and (c);

(e) Defendants' use of Precision Skis on its own snowmobiles whether as original equipment or aftermarket accessories shall not be deemed an infringement of the '594 Patent if imported in the United States prior to July 1, 2005; and

(f) Nothing in this paragraph precludes the Defendants from manufacturing, using, offering for sale, selling, or importing replacement carbides, bridge kits, or handles in the United States for Precision Ski soles and no such activities shall be deemed an infringement, directly, indirectly or contributorily of the '594 Patent.

5. In accordance with the Court's Order dated July 27, 2004, the Defendants reasonably believed that the Precision Ski did not infringe any valid claim of the '594 Patent, so that the Plaintiff has not established by clear and convincing evidence that Defendants willfully infringed the '594

Patent. Defendants are therefore entitled to judgment that they did not willfully infringe claims 1, 2, 6, 9, 10, and 11 of the '594 Patent.

6. Defendants, and all persons in active concert with them, are enjoined from any future activities that would constitute infringement of the '594 Patent, except as permitted under paragraph 4.

7. Any and all remaining claims of Plaintiff and defenses or counterclaims of Defendants are dismissed with prejudice, each party to bear its own costs, expenses and attorneys fees.

8. The parties waive their right to appeal or otherwise contest the entry of this Judgment or the terms herein.

9. This Court shall retain jurisdiction to resolve any disputes arising between the parties concerning this Judgment or the related Confidential Settlement Agreement, subject to the notice and cure provisions of that agreement, which disputes shall be asserted before and resolved exclusively by this Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.